UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTUAN MOORE,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　　Defendant. | Case No. EDCV 10-1213 JC<br><br>MEMORANDUM OPINION |

## I.　SUMMARY

On August 26, 2010, plaintiff Antuan Moore ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 2, 2010, Case Management Order, ¶ 5.
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 8, 2007, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 10, 94). Plaintiff asserted that he became disabled on December 15, 1999, due to pancreattis, high blood pressure, and bullet shot injuries. (AR 105). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and plaintiff's father on April 15, 2009. (AR 17).

On August 4, 2009, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 10). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: residuals of gunshot wounds, a seizure disorder, and a history of alcohol abuse (AR 12); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 13); (3) plaintiff retained the residual functional capacity to perform the full range of medium work with certain nonexertional limitations[2] (AR 13);[3] (4) plaintiff has no past relevant work (AR 14); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).

[3] The ALJ determined that plaintiff can perform medium work, but is limited to simple, repetitive tasks, and cannot work in especially hazardous settings (*i.e.*, near unprotected heights or dangerous machinery). (AR 13).

perform (AR 15); and (6) plaintiff's allegations regarding his limitations were not totally credible. (AR 13-14).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

3

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

In addition, a claimant who otherwise meets the definition of disability under the Social Security Act is not eligible to receive disability benefits if drug addiction or alcoholism is a "contributing factor material to the determination of disability." 20 C.F.R. § 416.935(a). Such claimant has the burden to demonstrate that he would be disabled even if his substance abuse stopped. Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

1    To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

IV. DISCUSSION

    A. **The ALJ Properly Evaluated the Medical Opinion Evidence**

        1. **Pertinent Law**

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided.  Courts distinguish among the opinions of three types of physicians:  those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[4]  See id.  In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

---

[4] Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotations omitted). The ALJ can reject the opinion of a treating physician in favor of another conflicting medical opinion, if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. (citation and internal quotations omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion). "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id. "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). These standards also apply to opinions of examining physicians. See Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting Lester, 81 F.3d at 830-31); Andrews v. Shalala, 53 F.3d 1035, 1042-44 (9th Cir. 1995).

### 2. Dr. Sainten

On May 15, 2007, Dr. Carl B. Sainten, a state agency physician, performed a complete internal medicine evaluation of plaintiff which included a physical examination. (AR 290-96). Based on his examination of plaintiff, Dr. Sainten

opined that plaintiff (i) could lift or carry 10 pounds occasionally and less than 10 pounds frequently; (ii) could stand or walk for two hours in an eight hour day; (iii) could sit for six hours in an eight hour day; (iv) was limited in pushing and pulling in the bilateral upper extremities; and (v) could only frequently climb, stoop, kneel and crouch. (AR 295-96).

Plaintiff contends that the ALJ improperly rejected Dr. Sainten's opinions. (Plaintiff's Motion at 2-4). The Court finds that a remand or reversal on this basis is not warranted.

First, with respect to Dr. Sainten's opinion that plaintiff was essentially limited to sedentary work, as the ALJ accurately noted, such opinion conflicts with and is unsupported by Dr. Sainten's own report. For example, as the ALJ noted, Dr. Sainten's limitation to sedentary work is inconsistent with the doctor's own findings that plaintiff had only "slight impairment in range of motion" and a slow but "otherwise normal" gait. (AR 14) (citing Exhibit 5F [AR 293-95]). Moreover, as the ALJ also noted, even such slight impairments conflict with Dr. Sainten's findings that plaintiff had "normal motor strength" and no significant neurological deficits or arthritic stigmata. (AR 14, 295). Therefore, to the extent the ALJ rejected Dr. Sainten's opinions, he properly did so for clear and convincing reasons based on substantial evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (A discrepancy between a physician's notes and recorded observations and opinions and the physician's assessment of limitations is a clear and convincing reason for rejecting the opinion.); see also Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (affirming ALJ's rejection of physician's opinion as unsupported by physician's treatment notes); cf. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (an ALJ need not accept a treating physician's opinions that are conclusory and brief, or unsupported by clinical findings or physician's own treatment notes).

///

Second, the ALJ was not required to discuss at length medical evidence which he did not reject. See Howard ex rel. Wolff v. Barnhart ("Howard"), 341 F.3d 1006, 1012 (9th Cir. 2003) (citations omitted). An ALJ must provide an explanation only when he rejects "significant probative evidence." See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted). Here, plaintiff claims the ALJ erroneously failed to consider Dr. Sainten's opinion that plaintiff was limited to frequent climbing, stooping, kneeling and crouching. (Plaintiff's Motion at 4; AR 296). Limitations in an individual's ability to climb, bend, kneel or crawl, however, do not significantly erode the occupational base at the medium level of exertion. See SSR 85-15 at *6 (some limitation in climbing, by itself, "would not ordinarily have a significant impact on the broad world of work"); id. at *7 (limitation to frequent stooping, kneeling and crouching consistent with medium work); SSR 83-10 at *6 ("full range of medium work usually requires frequent bending-stooping"). Therefore, plaintiff fails to demonstrate that such limitations constitute significant or probative evidence which the ALJ was required to account for in his residual functional capacity assessment.

Finally, while plaintiff suggests that Dr. Sainten's findings regarding plaintiff's back and neck (*i.e.*, tenderness in neck and spine, ambiguous leg raise test, range of motion limitations, paralumbar spasm, scoliosis) demonstrate plaintiff's inability to do work at the medium exertional level, this Court will not second-guess the ALJ's reasonable interpretation that they do not, even if such evidence could give rise to inferences more favorable to plaintiff.

### 3. Dr. Rodriguez

On April 9, 2007, Dr. Romualdo R. Rodriguez, a state agency psychiatrist performed a complete psychiatric evaluation of plaintiff, including a mental status examination. (AR 270-76). Based on his examination of plaintiff, Dr. Rodriguez opined that plaintiff could understand, remember, and carry out simple one or two-step job instructions and can carry out detailed and complex instructions. (AR

276). Dr. Rodriguez also opined that plaintiff was "minimally limited" in his ability to (i) relate and interact with supervisors, coworkers and the public; (ii) maintain concentration and attention, persistence and pace; (iii) associate with day-to-day work activity, including attendance and safety; (iv) adapt to the stresses common to a normal work environment; (v) maintain regular attendance in the work place and perform work activities on a consistent basis; and (vi) perform work activities without special or additional supervision (collectively "plaintiff's mental limitations"). (AR 276).

Plaintiff contends that the ALJ failed properly to consider Dr. Rodriguez's opinions regarding plaintiff's mental limitations. (Plaintiff's Motion at 4-5). The Court finds that a remand or reversal on this basis is not warranted.

First, to the extent plaintiff contends that the ALJ failed completely to consider Dr. Rodriguez's opinions regarding plaintiff's mental limitations, his contention is belied by the record. Citing to the report of Dr. Rodriguez's complete psychiatric evaluation, the ALJ expressly noted that "the examiner opines that [plaintiff] has had no significant limitation in performing work-related mental functions." (AR 12) (citing Exhibit 2F [AR 270-76]).

Second, the ALJ was not required to address the mental limitations identified in Dr. Rodriguez's report since the ALJ determined that such impairments caused "no significant limitation" in plaintiff's ability to perform work-related mental functions. See Vincent, 739 F.2d at 1394-95 (ALJ need not provide explanation unless rejecting "significant probative evidence"). While plaintiff suggests that Dr. Rodriguez's opinions reflect more significant limitations in plaintiff's work-related mental functioning, the Court will not second guess the ALJ's reasonable interpretation that they do not. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///
///

9

Moreover, in light of plaintiff's admission that he was still actively using alcohol at the time of the Dr. Rodriguez's psychiatric evaluation,[5] the ALJ could reasonably have declined to include any mental limitation based on Dr. Rodriguez's opinions in plaintiff's residual functional capacity assessment. See 20 C.F.R. § 416.935(a); Parra, 481 F.3d at 748 (claimant has burden to show he would be disabled in the absence of substance abuse). The ALJ found that, in the absence of alcohol abuse, plaintiff has "no significant mental limitation." (AR 14). This is consistent with Dr. Rodriguez's prognosis that with treatment for depression and abstention from drinking alcohol plaintiff could "easily recover from what [mental] symptoms [plaintiff] does have within 12 months." (AR 275).

Finally, even assuming that Dr. Rodriguez's opinions reflect mental limitations for plaintiff that are more than insignificant, plaintiff fails to demonstrate that such limitations are not already accounted for in the ALJ's residual functional capacity assessment, which, among other things, limits plaintiff to simple, repetitive tasks.

Accordingly, a remand or reversal is not warranted on this basis.

**B. The ALJ Properly Considered Lay Witness Evidence**

Plaintiff contends that the ALJ failed properly to consider statements provided by plaintiff's father, Edward Moore, and failed to provide sufficient reasons for disregarding his statements. (Plaintiff's Motion at 6-7). The Court disagrees.

**1. Pertinent Law**

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such

---

[5]With respect to plaintiff's alcohol use, Dr. Rodriguez stated the following: "[Plaintiff] has been involved in Alcoholics Anonymous and participates in their standard greeting 'my name is Antuan and I'm an alcoholic.' However, he feels that it is a problem of the past and as a result is still actively drinking and was drinking as of 'this past Friday.'" (AR 272).

testimony and gives reasons germane to each witness for doing so. Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical sources, *e.g.*, lay witnesses, as to how impairment affects claimant's ability to work). The standards discussed in these authorities appear equally applicable to written statements. Cf. Schneider v. Commissioner of Social Security Administration, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ erred in failing to consider letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

In cases in which "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56).

### 2. Analysis

Here, plaintiff claims that the ALJ materially erred by not expressly addressing plaintiff's father's statements that plaintiff "did not pay attention very well, did not handle stress well at all, and did not handle changes in routine very well." (Plaintiff's Motion at 6) (citing AR 119). The Court finds that a remand or reversal on this basis is not warranted.

To the extent the ALJ's decision does not address statements from plaintiff's father that simply corroborated limitations the ALJ already accounted for in his decision, any error was harmless. See Zerba v. Commissioner of Social Security Administration, 279 Fed. Appx. 438, 440 (9th Cir. 2008) (failure to address husband's cumulative lay testimony harmless error); Rohrer v. Astrue, 279 Fed. Appx. 437, 437 (9th Cir. 2008) (rejecting claimant's contention that ALJ improperly rejected lay witness statement of claimant's girlfriend where such statement was cumulative of statements by claimant which ALJ accepted).[6] Simply because the ALJ did not expressly reference cumulative symptom evidence does not mean he failed to consider such evidence. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]"). Again, the ALJ was not required to discuss every piece of evidence in the record. See Howard, 341 F.3d at 1012 (citations omitted). Here, although the ALJ did not expressly mention the father's statements that plaintiff had difficulty paying attention, handling stress, and handling changes in routine (AR 119), plaintiff fails to demonstrate that such alleged limitations impaired his ability to work beyond the ALJ's residual functional capacity assessment which limits plaintiff to doing "simple, repetitive tasks." (AR 13). In light of the substance of the father's statements, plaintiff's own statements and testimony (which the ALJ found partially lacking in credibility), and the medical evidence in the record, the Court can confidently conclude that no reasonable ALJ, even fully crediting the statements from plaintiff's father which were not expressly addressed by the ALJ, could have reached a different disability determination.

Accordingly, a remand or reversal is not warranted on this basis.

---

[6] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 11, 2011

                                        /s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE